THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PERKUMPULAN INVESTOR CRISIS CENTER DRESSEL – WBG,<br><br>Plaintiff,<br><br>v.<br><br>DANNY M.K. WONG, a/k/a WONG MAN KEE, FRANK HO, JOSEPH YAU a/k/a JOSEPH YAO a/k/a YAU PUI KEE, JESSE TAM, REGAL FINANCIAL BANCORP., INC., REGAL FINANCIAL BANK, DWIGHT B. WILLIAMS, KELLY THACKER, DAVID THACKER, DONALD SHERER, MICHELLE SHERER, a/k/a MICHELLE LAWRENCE, KENNETH McCABE, LARRY BLACKETT, STAN DICKISON, LAURENCE C. FENTRISS, DAVID GHERMEZIAN, BRIAN HILL, KEVIN HYLTON, OMAR LEE, HANK LO, KATHRYN AMUNDSON, GLENN SPRINGMAN, TANNER LC f/k/a TANNER & CO., P.C., and LUIS GARZA Y GALINDO, a/k/a LUIS GARZA, a/k/a JOSE LUIS GARZA Y GALINDO,<br><br>Defendants. | Case No. C09-1786 JCC<br><br>PLAINTIFF'S REPLY TO JARED SHERER'S OPPOSITION TO MOTION TO AMEND<br><br>**NOTE ON MOTION CALENDAR:**<br>**February 15, 2013** |

PLAINTIFF'S REPLY
Case No. C09-1786 JCC

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Ave., Suite 3010
Seattle, WA 98101
Telephone 206.622.1711  Fax 206.292.0460

pdx\120885\171058\DRE\10978195.1

## I. PRELIMINARY STATEMENT

Plaintiff, PERKUMPULAN INVESTOR CRISIS CENTER DRESSEL – WBG ("Crisis Center" or "Plaintiff") by and through its undersigned counsel, submits this Reply to the Opposition of Jared Sherer to Plaintiff's Motion to Amend.

Jared Sherer correctly identifies himself as a non-party. J. Sherer Opp p. 1. The Proposed Amended Complaint proposes to add him as a defendant. Most cases hold that a non-party has no standing to oppose an amendment to a complaint, even if the amended complaint proposes to add him as a party. *See Dungan v. Acad. at Ivy Ridge*, 2009 WL 2176278, at * 2 (N.D.N.Y. July 21, 2009)("As non-parties, Londamerica and Havenridge do not have standing to oppose the motion for leave to amend"); *State Farm Mut. Auto. Ins. Co. v. CPT Med. Services, P.C.*, 246 F.R.D. 143, 146 n. 1 (E.D.N.Y. 2007) ("the Weinstein Defendants do not have standing to oppose the motion for leave to amend because they are not yet named parties to this action"). *But see VFD Consulting, Inc. v. 21st Services, 21st Holdings, LLC*, 2005 WL 1115870, at * 4 (N.D. Cal. May 11, 2005) (allowing non-party to move to intervene to oppose amendment). Although Plaintiff submits that Jared Sherer has no standing to make any objecttion, it will nonetheless address his arguments. Where Sherer offers arguments on behalf of other defendants besides himself (both individually and as a trustee), he has no standing. Indeed, no existing defendant has objected to Plaintiff's Proposed Amended Complaint.

Jared Sherer inappropriately raises factual disputes regarding the allegations of the Proposed Amended Complaint. *See Zavala v. Chrones*, 2012 WL 2116951, at *3 (E.D. Cal. June 11, 2012) (holding that factual disputes are properly addressed in a motion for summary judgment). Further, Jared Sherer's memorandum of law has no evidentiary value and his version of the facts is not supported by any evidence. Plaintiff specifically disputes Mr. Sherer's allegation that only a minor percentage of the funds raised by the Dressel Ponzi Scheme[1] were transmitted to the United States. The complaint pleads this amount was at least

---

[1] All terms have the same definitions as in Plaintiff's moving papers.

PLAINTIFF'S REPLY - 1
Case No. C09-1786 JCC

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Ave., Suite 3010
Seattle, WA 98101
Telephone 206.622.1711  Fax 206.292.0460

pdx\120885\171058\DRE\10978195.1

Sixty Million Dollars (Compl. ¶ 4.8), which is a major sum by any measure. Plaintiff further disputes that because of an alleged, unproven lapse in the title of certain Alaskan mining claims by Dressel Entities, the Dressel Ponzi Scheme perpetrators are entitled to retain those claims.

## II.   JARED SHERER'S ARGUMENTS ARE WITHOUT MERIT

**First**, Jared Sherer makes a perfunctory claim of prejudice, referring to the complexities of the case. The Proposed Amended Complaint names Jared Sherer in a single claim, regarding the remaining Dressel assets located in the United States. Prop. Am. Compl. ¶¶ 19.1-19.8. This claim seeks a declaratory judgment that Jared Sherer, and other proposed defendants, hold assets that are proceeds of the Dressel Ponzi Scheme. It alleges that Jared Sherer and these other proposed defendants caused the fraudulent conveyance of proceeds of the Dressel Ponzi Scheme, and that Plaintiff is entitled to enforce any judgment that it may obtain against those proceeds. The only assets identified are certain mining claims located in Alaska. Prop. Am. Compl. ¶ 19.7. Mr. Sherer has had knowledge of Plaintiff's claim to those mining claims since September 20, 2012, when he was served with Plaintiff's Complaint in *Perkumpulan Investor Crisis Center Dressel – WBG v. Mining Claims Located in the Fairbanks Recording District, Fourth Judicial District, State of Alaska, et al.*, Case No. 4FA-12-02432 CI, (Sup. Ct., Alaska). See Gross Decl. Ex. 1.

"Generally, Rule 15 advises the court that leave shall be freely given when justice so requires. This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations and quotations omitted).

> In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive … , repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.- the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182 (1962). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

PLAINTIFF'S REPLY - 2
Case No. C09-1786 JCC

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Ave., Suite 3010
Seattle, WA 98101
Telephone 206.622.1711  Fax 206.292.0460

pdx\120885\171058\DRE\10978195.1

1  Here, Jared Sherer has simply concluded that he would be prejudiced -- he has not made
2  an affirmative showing of how the amended complaint would make it impossible or even
3  difficult for to him to mount a defense to the one claim that relates to him.  Since, Mr. Sherer has
4  not carried his burden, leave to amend should be granted.  *See Ogle v. Stewart*, 230 F. App'x
5  646, 648 (9th Cir. 2007) (granting leave to amend to add two new defendants because there was
6  no prejudice to defendants); *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)
7  (granting leave to amend to add new defendants who allegedly covered-up theft of federal funds
8  to protect family, personal friends and associates.)

9  **Second**, Jared Sherer alleges that his February 1, 2007 bankruptcy discharge immunizes
10  him from suit.  The only proposed claim against Jared Sherer seeks declaratory relief regarding
11  Plaintiff's right to property *currently* held in his name, either individually, or as trustee, and
12  obtained after his discharge.  Mr. Sherer's 2007 bankruptcy discharge does not protect his post-
13  discharge conduct.  *Partners for Health and Home, LP v. Yang*, 2012 WL 1079180, at *7 (C.D.
14  Cal. March 30, 2012) notes "a bankruptcy discharge cannot discharge liabilities for acts that the
15  debtor committed or continued post-petition, or at least post-discharge."  "Thus, a debtor
16  emerging from bankruptcy may not insulate itself from liability for post-charge actions by
17  attempting to link such conduct to pre-discharge violations."  *EEOC v. United Airlines, Inc.*,
18  2009 WL 5197825, at *3 (W.D. Wash., Dec. 22, 2009).  Moreover, Mr. Sherer's individual
19  discharge does not affect his liabilities as a trustee and does not discharge debts he incurred
20  through fraudulent conduct.  *In re Russell*, 203 B.R. 303, 321 (Bankr. S.D. Cal. 1996).

21  The Crisis Center was created in April 2007.  Jared Sherer is claiming his February 2007
22  discharge bars claims of Plaintiff's members before the Crisis Center was even in existence.  Mr.
23  Sherer attempts to surmount this logical gap by noting that Utah attorney Blake Ostler and the
24  Asset Recovery Trust knew about his discharge and "purported to represent the interests of the
25  Indonesian investors with Dressel in 2006."  J. Sherer Opp. p. 3.  The key word here is
26  "purported."  The complaint alleges that the Asset Recovery Trust ("ART") was a sham and that

PLAINTIFF'S REPLY - 3
Case No. C09-1786 JCC

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Ave., Suite 3010
Seattle, WA 98101
Telephone 206.622.1711  Fax 206.292.0460

pdx\120885\171058\DRE\10978195.1

it did not legitimately represent the interests of the Indonesian investors in the case styled *Asset Recovery Trust v. Schreier Group, LLC*, No. 050920394 (3rd Dist. Ct., Salt Lake Co. Utah). Compl. ¶ 4.33.  Robert Jinks, trustee of the ART, admitted under oath that it was a bogus entity designed to serve the interests of defendant Dwight Williams, defendant Danny Wong and Blake Ostler, and that it brought a sham litigation in a Utah state court.  *See* the Affidavit of Robert Jinks, annexed to the Gross Declaration as Exhibit 2.  The Proposed Amended Complaint pleads that Robert Jinks, as trustee of the ART, changed sides, and assisted Donald and Michelle Sherer in obtaining the remaining assets of Dressel located in the United States.  Prop. Am. Compl. ¶ 4.33.  Since Jared Sherer concedes that the ART did not represent the interests of Plaintiff's members, any notice given to the ART is irrelevant.

**Third**, Jared Sherer raises misguided arguments concerning the RICO[2] statute of limitations and whether the Crisis Center's RICO claim is tenable under *Morrison v. Nat'l Australia Bank Ltd.*, 130 S. Ct. 2869 (2010).  Mr. Sherer has failed to notice that Plaintiff has not named him as a RICO defendant and that he has no standing to argue for dismissal on behalf of other defendants.  This Court has already upheld Plaintiff's pleading of RICO and has rejected the contention that *Morrison* requires dismissal.  Dkt. No. 169.

**Fourth**, Mr. Sherer complains that Plaintiff has failed to pay sufficient attention to the Asian activities of the Dressel Ponzi Scheme.  That allegation is not a basis to deny the Proposed Amended Complaint, particularly when the only claim against Jared Sherer concerns United States assets purchased with proceeds of the Dressel Ponzi Scheme.

**Fifth**, with respect to the Alaska property, Mr. Sherer contends that his family obtained most of its Alaska real property from defendant Danny Wong, and one lot from an unrelated third-party.  J. Sherer Opp. p. 10.  He then suggests that these assets are immune from seizure by Plaintiff because of adverse possession.  The irrelevant doctrine of adverse possession does not insulate the proceeds of the Dressel Ponzi Scheme from Plaintiff's claims.  Jared Sherer

---

[2] Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq*.

PLAINTIFF'S REPLY - 4
Case No. C09-1786 JCC

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Ave., Suite 3010
Seattle, WA 98101
Telephone 206.622.1711  Fax 206.292.0460

pdx\120885\171058\DRE\10978195.1

concedes that the Sherer family did not acquire title to these assets through adverse possession, it is a mystery why he raises this legal theory. In any event, Mr. Sherer does not claim to own this real property personally and has no standing to assert defenses on behalf of other members of his family or of anyone else.

**Sixth**, Mr. Sherer raises factual arguments regarding certain Alaskan mining claims that he admittedly assisted in transferring to David Turcotte, Esq. J. Sherer Opp. p. 10. Mr. Turcotte has represented the Sherer family and the operators of the Dressel Ponzi Scheme in Mexico (current defendant Luis Garza and proposed defendants Rafael Benita Garza and Global Consulting Services, S.A. de. C.V., (an entity owned and controlled by Rafael and Luis Garza) (collectively the "Garza Defendants")). The Garza Defendants did not invest anything in Dressel, have no standing to represent Mexican investors in Dressel, and were front-men for the Sherer family in the Federal District Court action *styled Garza Y Galindo, et al. v. Asset Recovery Trust, et. al.*, No. 07 Civ. 868 (D. Utah) ("the Garza Action"). *See* the e-mail of Dwight Williams to Robert Jinks dated September 10, 2007 attached to the Gross Declaration as Exhibit 3. Plaintiff has named Rafael Benita Garza and Global Consulting Services, S.A. de. C.V. as defendants for the purpose of establishing Plaintiff's superior title to assets purportedly held for the benefit of the Garza Defendants.

Jared Sherer also argues that the Dressel Entities' title to certain Alaskan mining claims has been abandoned. No evidence is given to support this allegation and Plaintiff is unaware of any documentary support for this defense. This factual dispute cannot be resolved on a motion to amend. Since Mr. Sherer denies any interest in these mining claims, he lacks standing to object to Plaintiff's claims against the owners of these mining claims.

**Seventh**, Mr. Sherer claims a default judgment obtained in the *Garza Action* bars this action. J. Sherer Opp. p. 11. Mr. Sherer's contentions concerning this point are replete with false statements. Plaintiff has not alleged any criminal wrongdoing against Pia, Anderson, Dorius, Reynard & Moss, LLC, (the "PADRM" Law Firm), but only that its affiliate PADRM

PLAINTIFF'S REPLY - 5
Case No. C09-1786 JCC

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Ave., Suite 3010
Seattle, WA 98101
Telephone 206.622.1711  Fax 206.292.0460

pdx\120885\171058\DRE\10978195.1

Gold Mine, LLC ("PADRM Gold") holds proceeds of the Dressel Ponzi Scheme that belong to the victims of the scheme. Plaintiff is not attempting to undo a final judgment of a Utah Federal District Court. Rather, the default judgment obtained by the Garza Defendants in the *Garza Action* does not immunize them from suit by Plaintiff. Nor does the *Garza Action* insulate PADRM Gold from Plaintiff's claim. Plaintiff did not intervene in the *Garza Action* because it was a bad faith, collusive suit in which attorneys for the Sherer family (perpetrators of the Dressel Ponzi Scheme) were also representing sham victims. Prop. Am. Compl. ¶ 4.72. Nor has Plaintiff admitted that its Alaska suit caused a conflict of interest with the PADRM Law Firm. The conflict of interest of the PADRM Law Firm was caused by its representation of purported victims of the Dressel Ponzi Scheme (including the Garza Defendants), while simultaneously representing the Sherers, who were perpetrators of the scheme. Mr. Sherer has no standing to challenge the naming of PADRM Gold in the Proposed Amended Complaint because he denies having any interest in that entity.

**Finally**, Jared Sherer makes a blatant error when he asserts that the Crisis Center's Seattle counsel, Schwabe Williamson & Wyatt, P.C. ("Schwabe"), represented the Estate of Ok Lin and Lay Mei Lin in *Teitelbaum v. Lin*, No. 2:07 Civ. 3971 (E.D.N.Y.). The Lin family was represented by the Metz Law Group, PLLC, in that case, not by Schwabe. See Gross Decl. Ex. 4. This baseless allegation is indicative of the lack of care taken by Jared Sherer in drafting his opposition papers.

Jared Sherer has not established the futility of the Proposed Amended Complaint or that he would suffer any prejudice from it. There is no reason to depart from the liberal allowance of amendments under Fed. R. Civ. P. 15(a), especially considering that no existing defendants have objected to the Proposed Amended Complaint.

### III. CONCLUSION

By reason of the foregoing, Plaintiff respectfully requests that this Court grant leave for Plaintiff to file its proposed Amended Complaint.

PLAINTIFF'S REPLY - 6
Case No. C09-1786 JCC

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Ave., Suite 3010
Seattle, WA 98101
Telephone 206.622.1711  Fax 206.292.0460

pdx\120885\171058\DRE\10978195.1

1 | Dated this 15th day of February, 2013.

2 | SCHWABE, WILLIAMSON & WYATT, P.C.

By: */s/David R. Ebel*
Matthew Turetsky, WSBA #23611
David R. Ebel, WSBA #28853
Attorneys for Plaintiff,
Perkumpulan Investor Crisis Center Dressel - WBG

*Admitted Pro Hac Vice*
HOFHEIMER GARTLIR & GROSS, LLP
Craig Weiner, Esq., NYBA #2468239
Douglas Gross, Esq., NYBA #1727155
Ofer Reger, Esq., NYBA #4618799
Zachary B. Grendi, Esq., NYBA #4815718
cweiner@hgg.com
dgross@hgg.com
oreger@hgg.com
zgrendi@hgg.com
530 Fifth Avenue, 9th Floor
New York, New York 10036
Telephone: (212) 818-9000
Facsimile: (212) 869-4930
Attorneys for Plaintiff
Perkumpulan Investor Crisis Center Dressel - WBG

PLAINTIFF'S REPLY - 7
Case No. C09-1786 JCC

pdx\120885\171058\DRE\10978195.1

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of February, 2013, I caused to be served the foregoing DECLARATION OF DOUGLAS GROSS IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND THE COMPLAINT on the following parties via United States District Court – Western District of Washington's Electronic Case Filing System ("ECF") at the following addresses:

Craig Weiner
Douglas Gross
Ofer Reger
Zachary B. Grendi
Hofheimer Gartlir & Gross
530 Fifth Avenue, 9th Floor
New York, New York 10036
Telephone: (212) 818-9000
Facsimile: (212) 869-4930
E-mail:  cweiner@hgg.com
E-mail:  dgross@hgg.com
E-mail:  oreger@hgg.com
E-mail:  zgrendi@hgg.com
*Admitted Pro Hac Vice*
*Attorneys for Plaintiff*
*Perkumpulan Investor Crisis Center Dressel – WBG*

Christopher M. Veraya
Law Office of C. M. Veraya
900 1st Ave S., Suite 407
Seattle WA 98134-1239
Telephone: (206) 792-9777
E-mail:  cmveraya@verayalaw.com
*Attorneys for Defendant Dwight B. Williams*

Michael C. Van
Shumway Van & Hansen
8985 South Eastern Avenue, Suite 160
Las Vegas NE 89123
Telephone: (702) 478-7770
Facsimile: (702) 478-7779
E-mail:  Michael@ShumwayVan.com
*Admitted Pro Hac Vice*
*Attorneys for Defendant Dwight B. Williams*

David J. Lenci
K&L Gates LLP
925 4th Ave Ste 2900
Seattle WA 98104-1158
Telephone: (206) 623-7580
Facsimile: (206) 623-7022
E-mail:  david.lenci@klgates.com
*Attorneys for Defendants David and Kelly Thacker*

Craig H. Howe
Blake D. Miller
Miller Guymon, P.C.
165 Regent Street
Salt Lake City UT 84111
Telephone: (801) 363-5600
Facsimile: (801) 363-5601
E-mail:  howe@millerguymon.com
E-mail:  miller@millerguymon.com
*Admitted Pro Hac Vice*
*Attorneys for Defendants David and Kelly Thacker*

Benjamin J. Stone
Veris Law Group PLLC
1809 7th Ave., Suite 1400
Seattle WA 98101-1394
Telephone: (206) 829-9590
Facsimile: (206) 829-9245
E-mail:  ben@verislawgroup.com
*Attorney for Defendant Tanner, LC*

CERTIFICATE OF SERVICE - 1
Case No. C09-1786 JCC

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3400
Seattle, WA  98101-4010
Telephone 206.622.1711  Fax 206.292.0460

pdx\120885\171058\DRE\10978195.1

| | |
|---|---|
| Victor M. Minjares<br>Attorney General of Washington<br>PO Box 40100<br>Olympia WA 98504-0126<br>Telephone:  (360) 586-6300<br>Facsimile:  (360) 586-6655<br>E-mail:  victorm@atg.wa.gov<br>*Attorneys for State of Washington ex. Rel. Scott Jarvis in his official capacity as Director of the Washington State Department of Financial Institutions* | Douglas L. Davies<br>Davies Law Group<br>701 Fifth Avenue, Suite 4200<br>Seattle WA 98104-7047<br>Telephone:  (206) 262-8050<br>Facsimile:  (206) 262-8001<br>E-mail:  doug@davieslawgroup.com<br>*Attorney for FDIC* |

and copy mailed (via U.S. Postal Service, ordinary first class mail) and e-mailed to:

| | |
|---|---|
| Kenneth McCabe<br>2475 W 840 N<br>Hurricane UT 84737-3508<br>E-mail:  BERLIEM2@yahoo.com<br>*Pro Se Defendant* | Donald Sherer<br>643 Sky Mountain Blvd.<br>Hurricane, UT 84737<br>Telephone:  (435) 668-9955<br>E-mail:  ptsdvet100@yahoo.com<br>*Pro Se Defendant* |
| Michelle Sherer<br>643 Sky Mountain Blvd.<br>Hurricane, UT 84737<br>Telephone:  (435) 668-9955<br>E-mail:  ptsdvet100@yahoo.com<br>*Pro Se Defendant* | |

By: */s/David R. Ebel*
Matthew Turetsky, WSBA #23611
David R. Ebel, WSBA #28853
mturetsky@schwabe.com
debel@schwabe.com
1420 Fifth Avenue, Suite 3400
Seattle, WA 98101-2393
Telephone: (206) 622-1711
Facsimile: (206) 292-0460
Attorneys for Plaintiff
Perkumpulan Investor Crisis Center Dressel – WBG

CERTIFICATE OF SERVICE - 2
Case No. C09-1786 JCC

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3400
Seattle, WA  98101-4010
Telephone 206.622.1711  Fax 206.292.0460

pdx\120885\171058\DRE\10978195.1