THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PERKUMPULAN INVESTOR CRISIS
CENTER DRESSEL - WBG,

                            Plaintiff,

            v.

DANNY MK WONG, *et al.*,

                            Defendants.

CASE NO. C09-1786-JCC

ORDER

This matter comes before the Court on Defendant PADRM Gold Mine, LLC's motion for attorneys' fees pursuant to Wash. Rev. Code § 4.28.185(5) (Dkt. No. 557) and the motion for attorneys' fees filed jointly by David and Kelly Thacker and Donald and Michelle Sherer. (Dkt. No. 559.) Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and DENIES both motions for the reasons explained herein.

I.    **BACKGROUND**

Plaintiff filed the instant lawsuit on December 26, 2009, seeking approximately $450,000,000 in damages from numerous defendants, including David and Kelly Thacker and Donald and Michelle Sherer. (Dkt. No. 1.) Plaintiff's Amended Complaint included claims for violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, as well as state law claims, each of which was based upon the alleged execution of a complex Ponzi scheme to defraud thousands of Indonesian investors. (*See* Dkt. No. 381.) Plaintiff's Amended Complaint

1    included a single fraudulent conveyance declaratory judgment claim against PADRM Gold

2    Mine, LLC ("PGM"), a Utah-based holding company, which Plaintiff added to this lawsuit in

3    2013 so that it could attach property owned by PGM should the action be successful. (*Id.* at ¶

4    19.1–19.8.)

5           Most of the remaining defendants filed either a motion to dismiss or a motion for

6    summary judgment after Plaintiff filed its Amended Complaint. PGM moved to dismiss the state

7    claim against it for lack of personal jurisdiction, for failure to state a claim and failure to plead

8    fraud with particularity, and for seeking a remedy that is unavailable. (Dkt. No. 404.) Defendants

9    Donald and Michelle Sherer, joining a motion filed by their son, Jared Sherer, moved to dismiss

10   for failure to state a claim and for lack of subject matter jurisdiction, among other grounds. (Dkt.

11   No. 388.) On March 14, 2014, the Court dismissed Plaintiff's sole federal RICO claim with

12   prejudice as barred under Section 107 of the Private Securities Litigation Reform Act. (Dkt. No.

13   554.) Because subject matter jurisdiction for this entire dispute was premised upon the Court's

14   federal question jurisdiction over that RICO claim, the Court declined to exercise its

15   supplemental jurisdiction over Plaintiff's remaining state-law claims, dismissed those claims

16   without prejudice, and denied the motions relating to those claims as moot. (*See* Dkt. No. 554 at

17   26–27.) Specifically, the Court did not reach any issues raised in PGM's motion, and did not

18   separately address the Thackers' motion because it did not address the issues discussed in the

19   Court's Order of Dismissal. (Dkt. No. 554.)

20          Shortly after the Court entered judgment, PGM filed a motion for attorneys' fees pursuant

21   to Wash. Rev. Code § 4.28.185(5). (Dkt. No. 557.) PGM seeks $47,247.06 for approximately

22   170 hours of legal work in this matter and $1,042.75 in costs. (*Id.*; *see* Dkt. No. 558.) The

23   Thackers and Sherers also filed a motion for fees pursuant to Federal Rule of Civil Procedure 54.

24   (Dkt. No. 559.) The Thackers seek approximately $100,000 in legal fees and the Sherers seek

25   approximately $35,000 in fees. (*Id.* at 3.) The Court addresses each request in turn.

26   //

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## II.    DISCUSSION

### A.    PGM's Motion for Fees and Costs

PGM requests approximately $48,000 in attorneys' fees and costs pursuant to Wash. Rev. Code § 4.28.185(5), the fee-shifting provision of Washington's long-arm statute. That statute provides:

> In the event the defendant is personally served outside the state on causes of action enumerated in this section, and prevails in the action, there may be taxed and allowed to the defendant as part of the costs of defending the action a reasonable amount to be fixed by the court as attorneys' fees.

Wash. Rev. Code § 4.28.185(5). As Defendant points out, one purpose of the statute is to "compensate defendants for the added expense caused them by plaintiffs' assertions of long-arm jurisdiction." *Scott Fetzer Co., Kirby Co. Div. v.* Weeks, 114 Wn.2d 109, 121 (Wash. 1990) ("*Fetzer I*")). However, the fee-shifting provision also seeks to prevent plaintiffs from invoking Washington's long-arm statute as a means to harass foreign defendants, *id.* at 121 n.6, and to promote the full exercise of Washington's long-arm jurisdiction. *See Scott Fetzer Co. v. Weeks*, 122 Wn.2d 141, 148 (Wash. 1993) ("*Fetzer II*"). Ultimately, the decision to award attorneys' fees under section 4.28.185(5) is within the trial court's sound discretion. *See Amazon.com, Inc. v. Kalaydjian*, No. C00-1740, 2001 WL 1892190, at *1 (W.D. Wash. Mar. 27, 2001) ("Whether to grant or deny a request for attorneys fees under [RCW 4.28.185(5)] is wholly within the discretion of the trial court.").

The Parties first dispute whether PGM has "prevailed" in this action as that term is used in section 4.28.185(5).[1] PGM argues that because the Court dismissed the federal RICO claim

---

[1] Plaintiff also argues that PGM is not entitled to fees because it was not "personally served[,]" as the statute's plain language requires. Because PGM informally waived service, however, the Court declines to accept this argument and instead concludes that under such a circumstance, the Court is still authorized to award fees in its discretion. *See Atlas Equipment Co., LLC v. Weir Slurry Grp., Inc.*, No. C07-1358, 2009 WL 4430701, at *2 (W.D. Wash. Nov. 30, 2009) (declining to require personal service where defendant waives service under the Federal Rules of Civil Procedure because it would be unfair to allow a plaintiff to obtain that benefit and simultaneously avoid fees under the statute).

ORDER
PAGE - 3

1    against other defendants and declined to exercise supplemental jurisdiction over the state-law

2    claim against PGM, it has "prevailed" in this action. Plaintiff argues in response that PGM has

3    not prevailed because it did not obtain dismissal based on a lack of personal jurisdiction over

4    PGM. To support its position, Plaintiff notes that Washington's Courts of Appeals and Federal

5    District Courts regularly state that section 4.28.185(5) authorizes a court to "award reasonable

6    attorney fees to a foreign defendant who prevails in an action on the basis that the court lacked

7    personal jurisdiction under the long-arm statute." *CTVC of Hawaii, Co., Ltd. v. Shinawatra*, 82

8    Wn. App. 699, 722 (Wash. 1996); *see also In re Marriage of Yocum,* 870 P.2d 1033 (1994);

9    *Fetzer I*, 114 Wn.2d at 111, 124; *Hunter v. Ferebauer*, 980 F.Supp.2d 1251, 1259 (E.D. Wash.

10   2013); *Sportsfragrance v. Perfumer's Workshop Int'l, Ltd.*, No. C09-0177, 2009 WL 1884429

11   (W.D. Wash. June 30, 2009); *Silvaris Corp. v. Brissa Lumber Corp.*, No. C07-0196, 2008 WL

12   2697186 (W.D. Wash. July 2, 2008).

13           Both parties overreach in their arguments. It is true, as Plaintiff notes, that courts

14   regularly explain the rule as authorizing fee awards for a party who "prevails" by obtaining a

15   jurisdictional dismissal. The rule does authorize the Court to award fees under that circumstance,

16   *see Fetzer I*, 114 Wn.2d at 111, and it appears that as a practical matter, a successful motion to

17   dismiss for lack of personal jurisdiction is the most common scenario in which fees are awarded

18   under this section. However, neither the statute itself nor any of the cases Plaintiff cites

19   necessarily limit the statute's application to dismissals for a lack of personal jurisdiction. The

20   statute states that a defendant may be awarded fees after if he "prevails in the action" where the

21   causes of action are based on the Court's exercise of long-arm jurisdiction, but does not

22   otherwise define that phrase. The Washington Supreme Court has further explained that a

23   jurisdictional dismissal is one of the ways, in addition to prevailing on the merits or even

24   obtaining a voluntary nonsuit from a plaintiff, that a defendant could "prevail in an action"

25   within the statute's meaning. *Id.* at 111, 124; *see Andersen v. Gold Seal Vineyards, Inc.*, 81

26   Wn.2d 863, 868 (1973) (defendant "prevailed" in action for purposes of section 4.28.185(5)

1    when took a voluntary nonsuit).

2         However, PGM's position is that anything short of a full victory on the merits for a

3    plaintiff equates to a situation in which the defendant "prevails" and is entitled to a full fee

4    award. The Court finds that position to go beyond the common meaning of "prevail." Here, for

5    example, where the Court has not addressed a defendant's motion to dismiss for lack of personal

6    jurisdiction and has otherwise declined to exercise its supplemental jurisdiction over the single

7    claim against that defendant, the Court is placed in the seemingly absurd position of awarding

8    fees to a defendant for no apparent reason. PGM did not obtain dismissal on the merits, it did not

9    obtain a jurisdictional dismissal, and it did not negotiate a voluntary dismissal with Plaintiff.[2]

10    Stated differently, PGM's efforts had no bearing on the outcome of this case, and because the

11    Court did not reach PGM's jurisdictional motion, the Court cannot fairly say that Plaintiff

12    improperly hauled PGM into a Washington court under the long-arm statute. *Cf. First and Beck,*

13    *LLC v. Bank of the Southwest*, No. C05-1358, 2008 WL 718842, at *1–2 (D. Ariz. March 14,

14    2008) (declining to award fees under Arizona law where court declined supplemental jurisdiction

15    because "defendants have not prevailed . . . and are not successful parties with respect to the state

16    law claims"); *Silvaris Corp. v. Brissa Lumber Corp.*, No. C07-0196, 2008 WL 2697186, at *1

17    (W.D. Wash. July 2, 2008) (fees not authorized where defendants did not successfully challenge

18    personal jurisdiction or otherwise offer a legitimate basis for dismissal with prejudice).

19    Ultimately, while the Court cannot say that section 4.28.185(5) should be limited only to cases in

20    which a defendant prevails on a personal jurisdiction motion to dismiss, it does not read the

21    statute to encompass a situation in which a Court declines to exercise supplemental jurisdiction

22    over a state-law claim when the defendant had nothing to do with obtaining dismissal of the sole

23    federal claim against a separate defendant. This simply is not a case in which PGM has

---

25       [2] Commentators' discussion of section 4.28.185(5) is consistent with this Court's conclusion. *See* 14A

26    Wash. Prac., Civil Procedure § 37.10 (2d ed.) ("Attorney fee awards are not limited to cases in which the defendant prevails on the merits[, but] may likewise be awarded when the defendant obtains a dismissal for lack of jurisdiction. Attorney fees may likewise be awarded when the plaintiff takes a voluntary dismissal.").

1   "prevailed in the action."

2         Regardless of whether PGM is deemed the prevailing party for purposes of section

3   4.28.185(5), such a conclusion would only mean that the Court could award fees, not that PGM

4   is necessarily entitled to such an award. The Court's decision whether to grant or deny a request

5   for attorneys' fees under section 4.28.185(5) is "wholly within the discretion of the trial court[,]"

6   *Amazon.com*, 2001 WL 1892190, at *1, and that discretion "is particularly broad when the

7   circumstances of a case fall outside the heartland of [Wash. Rev. Code] § 4.28.185(5)[.]"

8   *Johnson v. Venzon*, No. C12-0895, 2012 WL 3778877, at *5 (W.D. Wash. Aug. 30, 2012). The

9   purposes of the statute include recompensing an out-of-state defendant for its reasonable efforts,

10  as well as encouraging the full exercise of state jurisdiction and preventing plaintiffs from

11  harassing defendants by hauling them into Washington courts based on frivolous jurisdictional

12  grounds. *See Fetzer II*, 122 Wn.2d at 148; *Fetzer I*, 114 Wn.2d at 111, 121 n.6, 124.

13        Here, while the Court had no occasion to reach PGM's jurisdictional motion on a

14  substantive basis, it cannot say that Plaintiff's decision to bring PGM into this lawsuit was

15  frivolous, made in bad faith, or meant to harass. *See*, *e.g.*, *Venzon*, 2012 WL 3778877, at *5

16  ("Plaintiff's basis for asserting jurisdiction was far from frivolous. . . . As a result, the Court

17  declines to award Defendants any fees."); *Dantonio v. Southwest Educ. Dev. Lab.*, No. C10-

18  1193, 2011 WL 2118577, at *9 (W.D. Wash. May 26, 2011) (applying *Fetzer II*'s dual purposes

19  and denying fees under RCW 4.28.185(5) where plaintiff's "jurisdictional arguments were

20  neither frivolous nor incapable of substantiation"); *Amazon.com, Inc.*, 2001 WL 1892190, at *1

21  ("Given the totality of the[] circumstances and [plaintiff]'s obvious good faith in bringing the

22  action, the court finds an award of attorneys fees inappropriate and unnecessary."). The Court

23  also notes that the Ninth Circuit has recognized in an unpublished case that where a district court

24  declines to exercise supplemental jurisdiction over state law claims, it is appropriate to decline to

25  award fees on causes of action it has not reviewed. *Molski v. Foster Freeze Paso Robles*, 267

26  Fed. App'x 631, 2008 WL 467751 (9th Cir. Feb. 20, 2008); *see First and Beck*, 2008 WL

718842, at *1 (declining to award fees to defendants under state law where court declined to exercise supplemental jurisdiction because that fact alone did not render defendants the "prevailing party").  Under the circumstances of this case, the Court does not believe that a fee award to PGM is appropriate.

### B.     The Thackers' and Sherers' Motion for Fees

Pro se defendants Kelley and David Thacker, along with Donald and Michelle Sherer, also move for attorneys' fees and costs "pursuant to Federal Rule of Civil Procedure 54."[3] (Dkt. No. 559.) Federal Rule of Civil Procedure 54 establishes the procedure for recovering attorney's fees in federal court. A motion for attorney's fees must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award" Fed. R. Civ. P. 54(d)(2)(B)(ii). A party moving for attorney's fees must therefore assert an independent source of authority for an award. *MRO Comm'ns, Inc. v. Am. Tel. & Tel. Co*., 197 F.3d 1276, 1281 (9th Cir. 1999) (citations omitted). This rule incorporates the American Rule, under which each party must bear their own attorneys' fees absent an express entitlement to fees from some independent source of law. *Id.*; *see Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975).

Defendants are not entitled to fees. In their motion, they cite no independent authority that would authorize a fee award, and the Court will not conduct Defendants' research for them. To the extent the moving defendants do cite cases in which attorneys' fees were awarded, each

---

[3] Defendant Donald Sherer also filed a "Supplemental and Amended Declaration" to support his motion for fees. (Dkt. No. 568.) Because this document was not filed with leave of the Court and was filed more than 14 days after the Court entered judgment in this matter, the Court strikes this filing from the docket and declines to consider it as untimely. *See* Fed. R. Civ. P. 54(d)(2)(B)(i) (post-judgment motion for attorneys' fees must be filed no later than 14 days after the entry of judgment); *In re Veritas Software Corp. Secs. Litig.*, 496 F.3d 962, 972–74 (9th Cir. 2007) (holding that failure to timely file a motion for attorney's fees within the time limits of Rule 54 is sufficient reason to deny the motion absent compelling showing of good cause). While Mr. Sherer proceeds *pro se*—and even that fact has been questioned by Plaintiff—the Court has repeatedly taken note of Mr. Sherer's refusal to follow applicable rules and warned that a failure to do so will result in improper documents being stricken without further notice. (*See* Dkt. Nos. 346, 506 (noting the Sherers' failure to follow local rules and advising that a failure to do so will result in documents being stricken without further notice)). Even if the Court did consider Mr. Sherer's late filing, the contentions contained therein—namely, that the Court should sanction Plaintiffs under Rule 11—would be unavailing. A party may not serve a Rule 11 motion for sanctions after the dismissal of the case. *See Retail Flooring Dealers of Am., Inc. v. Beaulieu of Am., LLC*, 339 F.3d 1146, 1150 (9th Cir. 2003).

of those cases involved specific state-law fee provisions that have no application to this case. *See Guillen v. Contreras,* 147 Wash. App. 326, 195 P.3d 90 (Wash. Ct. App. 2008), *rev'd* 169 Wash.2d 769 (Wash. 2010) (affirming denial of attorneys' fees under Wash. Rev. Code § 69.50.505 in forfeiture case); *Blair v .Wash. State Univ.*, 108 Wash.2d 558 (Wash. 1987) (fees available under civil rights statute); *Osborn v. Grant County*, 130 Wash.2d 615 (Wash. 1996) (fees available for successful appeal under Washington law to prevailing party). Finally, to the extent the moving defendants seek fees under RICO, such a request is inappropriate. *See Chang v. Chien*, 95 F.3d 27, 28 (9th Cir. 1996) (fees not available to prevailing RICO defendants unless authorized by another independent source). Absent any basis for an award of fees, the moving defendants remain subject to the well-established rule that they must bear their own fees even if the claims against them were dismissed.

### C.   Plaintiff's Request for Costs Under 28 U.S.C. § 1927

In its opposition to the multiple attorneys' fees motions, Perkumpulan requests that the Court award it the fees it incurred in responding to the motions under 28 U.S.C. § 1927. That provision authorizes the Court to require "[a]ny attorney [] admitted to conduct cases in any court of the United States [] who so multiplies the proceedings in any case unreasonably and vexatiously" to personally satisfy the excess costs, expenses, and attorneys' fees "reasonably incurred because of such conduct." 28 U.S.C. § 1927. In the Ninth Circuit, the imposition of costs and fees under § 1927 may only be made upon a finding that the attorney or individual acted "recklessly or in bad faith." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n.*, 809 F.2d 626, 638 (9th Cir. 1987); *cf. Mone v. C.I.R.*, 774 F.2d 570, 574 (2d Cir. 1985) (noting that "[§ 1927] should be construed narrowly and with great caution[.]"). There mere fact that a filing is frivolous does not alone establish bad faith. *Id.*

The Court denies Plaintiff's request. As this Court has noted previously, all parties in this matter have taxed the Court's docket at various times with frivolous or unwarranted filings. However, to the extent Plaintiff seeks fees merely for Defendants' filing of these attorneys' fees

1   motions, the Court cannot say that those filings alone unreasonably or vexatiously multiplied the

2   proceedings in this matter. Nor is it clear that the attorneys' fees motions were made in bad faith, a

3   finding of which is necessary in the Ninth Circuit. *See T.W. Elec.*, 774 F.2d at 638. Insofar as

4   Plaintiff asks the Court to award fees based on Defendants' conduct throughout the case, the Court

5   views such a request as untimely and improper at this late stage.

6   **III.**    **CONCLUSION**

7          For the foregoing reasons, Defendants' motions for attorneys' fees (Dkt. Nos. 557, 559)

8   are DENIED.

9          DATED this 29th day of July 2014.

10

11

12

13

14

15

16          John C. Coughenour
            UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26